FILED
JAN - 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

MARCIA D.HOMES,
6027 Grenfell Loop
Bowie, MD 20720

Plaintiff,

v.

FRIENDSHIP PUBLIC CHARTER SCHOOL, INC. d/b/a FRIENDSHIP-EDISON PUBLIC CHARTER SCHOOL CARTER G. WOODSON CAMPUS
4095 Minnesota Avenue, N.E.
Washington, DC 20019

and

EDISON SCHOOLS INC.,
521 5th Avenue
New York, NY 10175

Defendants.

CASE NUMBER 1:06CV00019
JUDGE: Ricardo M. Urbina
DECK TYPE: General Civil
DATE STAMP: 01/6/2006

JURY ACTION

**NOTICE OF REMOVAL**

Defendants, defendants Edison Schools Inc. and Friendship Public Charter School Inc., by and through its undersigned counsel, hereby give notice of their intent to remove the action, captioned above as *Marcia D. Holmes v. Friendship Public Charter School, Inc., d/b/a Friendship-Edison Public Charter Schools Carter G. Woodson Campus, et al.*, Case No.: 05-0009731 B, from the Superior Court for the District of Columbia to the United States District Court for the District of District of Columbia. This Notice is filed pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. The grounds for removal are as follows:

**INTRODUCTION**

1. On December 22, 2006, plaintiff, Marcia D. Holmes, filed a Complaint and Jury Demand in the Superior Court for the District of Columbia, Case No.: 05-0009731 B, naming as defendants Edison Schools Inc. and Friendship Public Charter School Inc. A copy of the Complaint, Summons, Information Sheet and Initial Order served upon Defendants Edison Schools Inc. and Friendship Public Charter School Inc. are attached hereto as Exhibits 1, 2, 3 and 4, respectively, pursuant to 28 U.S.C. § 1446(a).

2. On December 29, 2005, defendants Edison Schools Inc. and Friendship Public Charter School Inc. first received a copy of the Complaint, Summons and Initial Order.

3. Plaintiff alleges in her Complaint that defendants violated the Family and Medical Leave Act ("FLMA") codified at 29 U.S.C. § 2601 *et seq.* when plaintiff was discharged from her employment with defendants.

4. Plaintiff asserts claims against defendants based upon an alleged violation of 29 U.S.C. § 2601 *et seq.* (FMLA) (Count I), wrongful termination (Count II), and breach of duty of good faith and fair dealing (Count III).

**SUBJECT MATTER JURISDICTION**

1. Defendants seek removal based on subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action is preempted by and therefore arises under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq. See also* 28 U.S.C. § 1331, 29 U.S.C. § 2601 *et seq.*; *Gay v. Gilman Paper Co.*, 125 F.3d 1432 (11th Cir. 1997).

2. The FMLA is a comprehensive federal statute designed to promote the interests of employees and their families to balance the demands of the workplace with the needs of families

and to entitle employees to take reasonable leave for medical reasons. 29 U.S.C. § 2601(a) and (b).

3. This Court has original, federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 1132(a) or § 1132(e)(1), as the Complaint is brought pursuant to FMLA's private right of action by defendants former employee alleging that the FMLA was violated in connection with her termination from employment. 29 U.S.C. § 2601 *et seq.*

4. Defendants, therefore, are entitled to remove the action to this Court pursuant to 28 U.S.C. § 1441.

**AMOUNT IN CONTROVERSY**

5. Pursuant to FMLA, 29 U.S.C. § 2601 *et seq.*, this Court has jurisdiction without respect to the amount in controversy. In any event, the amount in controversy in the action, exclusive of interest and costs, exceeds $75,000.00. Plaintiff's Complaint seeks compensatory damages in the amount of $250,000.00, plus attorneys' feed.

**REMOVAL IS PROPER**

6. Defendants were served with a copy of the Summons and Complaint in the Superior Court action on December 29, 2005 by process server on CT Corporation System. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b). This provision provides that the notice of removal shall be filed within thirty days after receipt by defendant, by service or otherwise, of the initial pleading setting forth the claim for relief upon which this action is based.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132 and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

8. Defendants have not filed an answer in the Superior Court for the District of Columbia.

9. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal will be served promptly on counsel for plaintiff and filed with the Clerk of the Superior Court for the District of Columbia.

10. This Notice of Removal is signed by counsel for all defendants herein, Edison Schools Inc. and Friendship Public Charter School Inc.

WHEREFORE, defendants, by counsel, hereby remove the above-captioned action from the Superior Court for the District of Columbia.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: ______________________

Laura N. Steel, Esquire (DC Bar 367174)
The Colorado Building
1341 G Street, NW
Suite 500
Washington, D.C. 20005
(202) 626-7660 (telephone)
(202) 628-3606 (facsimile)
Email laura.steel@wilsonelser.com

*Counsel for defendants, Edison Schools Inc. and Friendship Public Charter School Inc.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 6th day of January 2006, I served by first class mail, postage prepaid the foregoing Notice of Removal and attached Exhibits upon the following:

Johnnie D. Bond, Jr.
Donald M. Temple, PC
1229 15th Street, NW
Washington, DC 20005

Laura N. Steel, Esquire



220605.1