IN THE SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA

MARCIA D. HOLMES
6027 Grenfell Loop
Bowie, MD 20720

  Plaintiff

vs.

Civil No:_____

FRIENDSHIP PUBLIC
CHARTER SCHOOL, INC.
d/b/a FRIENDSHIP-EDISON
PUBLIC CHARTER SCHOOL
CARTER G. WOODSON CAMPUS
4095 Minnesota Avenue, N.E.
Washington, DC 20019

SERVE ON:
  Donald L. Hense
  619 D Street, S.E.
  Washington, DC 20003

  and

EDISON SCHOOLS INC.
521 5th Avenue
New York, NY 10175

SERVE ON:
  C T Corporation System
  1015 15th Street, N.W., Ste. 1000
  Washington, DC 20005

  Defendants.

05-0009731

FILED
CIVIL ACTIONS BRANCH
DEC 22 2005
Superior Court
of the District of Columbia
Washington, D.C.

06 0019

FILED
JAN - 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### COMPLAINT

COMES NOW Plaintiff, Marcia D. Holmes, by and through undersigned counsel, and for her Complaint, states as follows:

### JURISDICTION AND VENUE

1.  This Court has concurrent subject matter jurisdiction of this action pursuant to 29 U.S.C. §




EXHIBIT
1



Case: 2005 CA 009731 B

2617, as well as original jurisdiction over related state law claims pursuant to D.C. Code § 11-921.

2. This Court has personal jurisdiction over the Defendants because both Defendants do business in the District of Columbia and therefore reside in the District of Columbia. Venue is therefore proper within the jurisdiction of the District of Columbia.

## PARTIES

3. Plaintiff, **Marcia D. Holmes ("Holmes")**, is an African American female, resides in Bowie, Maryland and is a former employee of Defendants.

4. Defendant, **Friendship Public Charter School, Inc. d/b/a Friendship-Edison Public Charter School, Carter G. Woodson Campus ("Friendship")**, a District of Columbia non-profit corporation, is located in the District of Columbia and operates its public charter school in partnership with the District of Columbia Public Charter School Board.

5. Defendant **Edison Schools, Inc. ("Edison")**, a Delaware corporation and District of Columbia foreign business corporation, is located in New York, New York and manages schools in partnership with public school districts and/or state governments and specifically manages Defendant Friendship Inc. in partnership with the District of Columbia Public Charter School Board.

## FACTUAL BACKGROUND

### *MS. HOLMES' MINOR CHILD, K. H.*

6. This matter concerns Defendant's intentional deprivation of Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), and wrongful termination of Plaintiff in violation of FMLA and in breach of her employment contract.

7. Ms. Holmes is the mother of two minor daughters. One of her daughters, K. H., suffers from Cerebral Palsy. As a single parent, Ms. Holmes has managed a full-time career and provided for her disabled child's medical, emotional and psychological needs.

8.  As a result of her condition, K.H. has limited physical mobility. She wears braces on her legs and often falls when she walks. When she falls, K.H. is unable to get up without assistance.

9.  K.H. also suffers from limited cognitive faculties. Due to her condition, K.H. has developed psychological and behavioral problems which cause her to have trouble interacting with other children and adults.

10. As a result, K.H. requires special education and supervision to prevent her from suffering additional harm to her person and causing harm to others.

11. Consequently, Ms. Holmes has had problems retaining day care facilities and schools to provide the necessary care for K. H.

12. In August 2005, early in the 2005 - 2006 school year, K.H.'s school, High Bridge Elementary, suspended K.H. and told Ms. Holmes that K.H. could not attend school without Ms. Holmes' presence.

13. Ms. Holmes was therefore forced to spend extraordinary time at home with K.H., advocating for K.H.'s re-enrollment and seeking schooling alternatives for K.H.

### *MS. HOLMES' EMPLOYMENT WITH DEFENDANTS*

14. Ms. Holmes began her employment with Defendants in and around August 2003 as Director of Guidance and Counseling pursuant to an employment contract.

15. At the beginning of the 2003-2004 school year, Defendants hired Ms. Holmes pursuant to a one-year contract and paid her an annual salary of $65,000.00.

16. On July 1, 2004, Defendants modified Ms. Holmes' contract and increased her salary from $65,000.00 to $66,300.00.

17. On June 27, 2005, Defendants modified Ms. Holmes' contract and increased her salary from $65,000.00 to $67,626.00.

18. As mentioned above, very early in the 2005-2006 school year, K. H.'s school suspended her and refused to continue to enroll her without Ms. Holmes' presence.

19. Consequently, Ms. Holmes needed additional time throughout the school year to address the school's concerns and K. H.'s needs.

20. As a result, Ms. Holmes began speaking to her supervisors and other employees of Defendant Edison about taking leave under the Family and Medical Leave Act ("FMLA").

21. Specifically, on August 30, 2005, Ms. Holmes spoke with Defendant Friendship's Business Services Manager, Mr. Anthony Battle, regarding her need to take leave under FMLA to care for her minor child.

22. Mr. Battle assured Ms. Holmes that their conversation was confidential and advised her to contact Ms. Antonio Christine, with Defendant Edison's Human Resources Department.

23. Ms. Holmes also spoke with her immediate supervisor, Defendant Friendship's Academic Director, Mr. Wallace Henry, on August 30, 2005 regarding leave under FMLA.

24. Following Mr. Battles' advice, Ms. Holmes contacted Defendant Edison's Human Resources representatives, Ms. Christine, on August 30, 2005, and requested an FMLA packet.

25. Per their conversation, Ms. Christine shipped the requested packet, which Ms. Holmes received on Saturday, September 3, 2005.

26. Upon information and belief, upon receiving notice that Ms. Holmes wanted to request FMLA leave, Defendants conspired and formulated a means by which to terminate Ms. Holmes' employment in order to prevent and disallow her leave under FMLA.

27. On Wednesday, September 7, 2005, at approximately 10:10 am, without prior notice and without justification, Defendants, through its agents, Mr. Anthony Battle, Mr. Damon Griffin and Mr. Henry, demanded that Ms. Holmes surrender her keys and vacate the school building.

28. Defendants never advised Ms. Holmes that her employment was terminated. They only stated that Ms. Holmes must vacate the building and leave her laptop and keys.

29. Defendants told Ms. Holmes that they would contact her within twenty-four (24) hours as to why she was required to vacate the building or to inform her of the "next step."

30. However, Defendants did not contact Ms. Holmes within 24 hours nor did Defendants call Ms. Holmes as of Monday, September 12, 2005.

31. On September 12, 2005, Ms. Holmes sent her completed FMLA request form to Defendant Edison, which received it on September 13, 2005 at approximately 10:31 am.

32. On September 13, 2005, at approximately 4:19 pm, Defendant Friendship sent a written notice to Ms. Holmes, which she received on September 14, 2005, at approximately 8:41 am.

33. Defendants' letter was un-dated, yet stated that Ms. Holmes' employment was terminated as of September 12, 2005.

## COUNT I
### VIOLATION OF 29 U.S.C. § 2601 et seq. (FMLA)

34. Plaintiff incorporates by reference allegations in paragraphs 1-33 of the Complaint as if fully stated herein.

35. Defendants Friendship and Edison interfered with, restrained, and denied Ms. Holmes' exercise and her attempted exercise of rights under the FMLA by terminating her employment after receiving notice, on August 30, 2005, that she intended to seek FMLA leave.

36. Defendants' actions violated the provisions and spirit of the FMLA.

37. Defendants' actions caused Plaintiff significant financial losses, humiliation, emotional distress and mental anguish.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendants, jointly and severally, as follows:

a.   Compensatory damages in an amount in excess of two-hundred fifty thousand ($250,000.00);

b.   Statutory attorney's fees and costs; and

c.   Such other relief as the Court deems appropriate.

## COUNT II
## WRONGFUL TERMINATION

38.   Plaintiff incorporates by reference the allegations of paragraphs 1-37 of the Complaint as if fully stated herein.

39.   Defendants agreed to employ Plaintiff for the duration of the employment agreement, subject to her reasonable performance as a teacher. Plaintiff's performance was deemed satisfactory prior to her termination.

40.   Defendants wrongfully terminated Plaintiff when they terminated her employment in violation of FMLA.

41.   Defendants also wrongfully terminated Plaintiff when they terminated her employment in breach of their employment agreement.

42.   As a result of Defendants' wrongful termination, Plaintiff suffered significant emotional, economic and consequential damages.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendants, jointly and severally, as follows:

a.   Compensatory damages in an amount to be determined at trial with interest; and

b.   Attorney's fees and costs; and

c.   Such other relief as the Court deems appropriate.

## COUNT III
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

43. Plaintiff incorporates by reference the allegations of paragraphs 1-42 of the Complaint as if fully stated herein.

44. At all relevant times, Defendants agreed to employ Plaintiff from August 1, 2005 until July 31, 2006 as Director of Guidance and Counseling.

45. Defendants breached their duty of good faith and fair dealing when they terminated Plaintiff's employment in violation of the FMLA and without cause.

46. Defendants' actions caused Plaintiff significant financial loss, humiliation, emotional distress, and mental anguish.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendants, jointly and severally, as follows:

a. Compensatory damages in an amount in excess of two hundred fifty thousand ($250,000);

b. Attorney's fees and costs; and

c. Such other relief as the Court deems appropriate.

**PRAYER FOR JURY TRIAL**

Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

Donald M. Temple, PC

By: _____
Johnnie D. Bond, Jr. #485488
Donald M. Temple, #408749
1229 15th Street, NW
Washington, D.C. 20005
(202) 628-1101 Phone
(202) 628-1149 Fax
**Attorneys for Plaintiff**