UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

MARCIA D. HOMES, :

    Plaintiff, : D.C. Superior Court
                              Civil No: 1:06-cv-00019 RMU

v. :

FRIENDSHIP PUBLIC CHARTER :
SCHOOL, INC. d/b/a FRIENDSHIP-
EDISON PUBLIC CHARTER SCHOOL :
CARTER G. WOODSON CAMPUS and
EDISON SCHOOLS INC., :

    Defendants. :

---

## ANSWER OF DEFENDANTS, EDISON SCHOOLS INC. AND FRIENDSHIP PUBLIC CHARTER SCHOOL INC. TO PLAINTIFF'S COMPLAINT

Defendants, Edison Schools Inc. and Friendship Public Charter School Inc. (improperly denominated in the Complaint), by and through its counsel, Laura N. Steel and the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, respond to the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Responding to the individually numbered paragraphs of the Complaint, defendants answer as follows:

1. The allegations of Paragraph 1 of the Complaint set forth legal conclusions regarding jurisdiction to which no response is required. If a response is required, defendants deny same and specifically deny any and all allegations of wrongdoing.

220700.1

2.   The allegations of Paragraph 2 of the Complaint set forth legal conclusions regarding jurisdiction and venue to which no response is required. If a response is required, defendants deny same and specifically deny any and all allegations of wrongdoing.

3.   As to the allegations of Paragraph 3 of the Complaint, defendants admit only that plaintiff is a former employee of defendant Friendship Public Charter School, Inc. (hereinafter "Friendship") and defendants deny that plaintiff is a former employee of Edison Schools Inc. Defendants lack sufficient knowledge and/or information to admit or deny the remaining allegations of Paragraph 3 of the Complaint and demand strict proof thereof.

4.   Defendants admit that Friendship Public Charter Schools Inc. is incorporated in the District of Columbia and operates a non-profit charter school as alleged in Paragraph 4 of the Complaint. Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5.   Defendants admit that Edison Schools Inc. is a Delaware corporation, that its address is 521 Fifth Avenue, 11th Floor, New York, New York 10175, and that it was hired by Friendship, which is located in Washington D.C. as alleged in Paragraph 5 of the Complaint. Defendants also admit that Friendship Public Charter Schools Inc. is incorporated in the District of Columbia and operates a non-profit charter school as alleged in Paragraph 5 of the Complaint. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6.   The allegations of Paragraph 6 of the Complaint set forth allegations regarding plaintiff's claims to which no response is required. If a response is required, defendants deny same and specifically deny any and all allegations of wrongdoing.

7.   Defendants lack sufficient knowledge and/or information to admit or deny the allegations of Paragraph 7 of the Complaint and demand strict proof thereof.

8. Defendants lack sufficient knowledge and/or information to admit or deny the allegations of Paragraph 8 of the Complaint and demand strict proof thereof.

9. Defendants lack sufficient knowledge and/or information to admit or deny the allegations of Paragraph 9 of the Complaint and demand strict proof thereof.

10. Defendants lack sufficient knowledge and/or information to admit or deny the allegations of Paragraph 10 of the Complaint and demand strict proof thereof.

11. Defendants lack sufficient knowledge and/or information to admit or deny the allegations of Paragraph 11 of the Complaint and demand strict proof thereof.

12. Defendants lack sufficient knowledge and/or information to admit or deny the allegations of Paragraph 12 of the Complaint and demand strict proof thereof.

13. Defendants lack sufficient knowledge and/or information to admit or deny the allegations of Paragraph 13 of the Complaint and demand strict proof thereof.

14. Defendants admit only that plaintiff was employed by Friendship as a Director of Guidance and Counseling pursuant to a written employment contract, but defendants deny the remaining allegations of Paragraph 14 of the Complaint.

15. Defendants admit only that plaintiff was initially hired by Friendship for the 2003-2004 school year pursuant to a one year contract with an annual salary of $65,000, but deny the remaining allegations of Paragraph 15 of the Complaint.

16. Defendants admit only that plaintiff's salary was increased to $66,300 in 2004, but denies the remaining allegations of Paragraph 16 of the Complaint.

17. Defendants admit only that plaintiff's salary was increased to $67,626 in 2005, but denies the remaining allegations of Paragraph 17 of the Complaint.

150591.1

18. Defendants lack sufficient knowledge and/or information to admit or deny the allegations of Paragraph 18 of the Complaint and demand strict proof thereof.

19. Defendants lack sufficient knowledge and/or information to admit or deny the allegations of Paragraph 19 of the Complaint and demand strict proof thereof.

20. Defendants admit only that plaintiff spoke with Anthony Battle, Friendship's Business Services Manager, regarding the requirements for taking leave under the Family and Medical Leave Act ("FMLA"), and that Mr. Battle explained that FMLA was unpaid leave, but defendants deny the remaining allegations of Paragraph 20 of the Complaint.

21. Defendants admit only that plaintiff spoke with Anthony Battle, Friendship's Business Services Manager, regarding the requirements for taking FMLA leave, and that Mr. Battle explained that FMLA was unpaid leave, but defendants deny the remaining allegations of Paragraph 21 of the Complaint.

22. Defendants admit that Mr. Battle informed plaintiff that their conversation was confidential and suggested that, if plaintiff was interested in applying for FMLA leave, plaintiff should contact Edison's Human Resources Department to obtain the appropriate forms and requirements. Defendants deny the remaining allegations of Paragraph 22 of the Complaint.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

24. Defendants admit only that plaintiff requested the required forms for applying for FMLA leave, and lack sufficient information and/or knowledge to admit or deny the remaining allegations of Paragraph 24 of the Complaint and demand strict proof thereof.

25. Defendants admit only that the required forms for applying for FMLA leave were sent to plaintiff's home address, but defendants lack sufficient information and/or knowledge to

admit or deny the remaining allegations of Paragraph 25 of the Complaint and demand strict proof thereof.

26. Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

31. Defendants admit that plaintiff submitted certain forms in support of her request for FMLA leave, which was delivered to the front desk in the New York Office of Edison Schools Inc., but deny the remaining allegations of Paragraph 31 of the Complaint.

32. Defendants admit that on September 13, 2005, plaintiff was sent a letter notifying plaintiff that she was discharged from employment and advising that plaintiff's employment was terminated as of September 12, 2005, which was based upon poor job performance, but defendants deny the remaining allegations of Paragraph 32 of the Complaint.

33. Defendants admit that on September 13, 2005, plaintiff was sent a letter notifying plaintiff that she was discharged from employment and advising that plaintiff's employment was terminated as of September 12, 2005, which was based upon poor job performance, but defendants deny the remaining allegations of Paragraph 33 of the Complaint.

## Count I
### (Alleged Violation of FMLA)

34. Defendants adopt and incorporate as if fully stated herein their responses to Paragraphs 1 through 33, inclusive of the Complaint.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

- 5 -

37. Defendants deny the allegations of Paragraph 37 of the Complaint and defendants specifically deny any and all allegations of wrongdoing and deny that plaintiff is entitled to the relief requested.

### Count II
### (Alleged Wrongful Termination)

38. Defendants adopt and incorporate as if fully stated herein their responses to Paragraphs 1 through 37, inclusive of the Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

40. Defendants deny the allegations of Paragraph 40 of the Complaint.

41. Defendants deny the allegations of Paragraph 41 of the Complaint.

42. Defendants deny the allegations of Paragraph 42 of the Complaint and defendants specifically deny any and all allegations of wrongdoing and deny that plaintiff is entitled to the relief requested.

### Count III
### (Alleged Breach Of Duty Of Good Faith And Fair Dealing)

43. Defendants adopt and incorporate as if fully stated herein their responses to Paragraphs 1 through 42, inclusive of the Complaint.

44. Defendants deny the allegations of Paragraph 44 of the Complaint.

45. Defendants deny the allegations of Paragraph 45 of the Complaint.

46. Defendants deny the allegations of Paragraph 46 of the Complaint and defendants specifically deny any and all allegations of wrongdoing and deny that plaintiff is entitled to the relief requested.

### Relief Sought

Defendants deny that plaintiff is entitled to the relief sought in the Complaint.

Further answering the Complaint, defendants deny each and every allegation in the Complaint not specifically admitted. Defendants also specifically deny any and all allegations of wrongdoing and specifically deny that plaintiff is entitled to the relief requested.

### THIRD DEFENSE

Defendants assert that plaintiff was a contractual employee who was dischargeable under certain conditions from employment in the sole discretion of the employer and that plaintiff could be terminated at any time and without cause.

### FOURTH DEFENSE

Defendants assert that all employment actions taken by defendants with respect to plaintiff were based upon legitimate nondiscriminatory reasons.

### FIFTH DEFENSE

Defendants assert that they are, and were during the relevant time period, equal opportunity employers committed to treating all employees fairly. Defendants do not, and did not during the relevant time period, tolerate or engage in any form of discrimination or harassment.

### SIXTH DEFENSE

Defendants assert that plaintiff's alleged injuries and damages, if any, were not proximately caused by any acts or omissions of defendants or any employee acting within the scope of employment.

### SEVENTH DEFENSE

Defendants assert that if plaintiff suffered any injury or loss, it was a result of the acts of a party or parties over whom defendants had no control and for whom defendant is not legally responsible.

150591.1

## EIGHTH DEFENSE

Defendants assert that plaintiff failed or may have failed to mitigate her damages.

## NINTH DEFENSE

Defendants assert that if the plaintiff suffered any injury or loss, it was a result of or caused by intervening or superseding causes not attributable to defendants

## TENTH DEFENSE

Defendants assert that plaintiff's alleged injuries or damages, if any, were or may have been caused or proximately caused by plaintiff's contributory conduct or assumption of the risk, plaintiff's fault or other culpable conduct on plaintiff's part.

## ELEVENTH DEFENSE

Defendants assert that plaintiff's alleged injuries or damages, if any, were or may have been pre-existing.

## TWELFTH DEFENSE

Defendants reserve the right to assert that plaintiff's claims are or may be barred by the doctrines of laches and/or estoppel and/or payment and/or may be barred by the applicable statute of limitations.

## THIRTEENTH DEFENSE

Defendants reserve the right to assert that plaintiff's claims are or may be barred by the doctrines of release and/or waiver.

## FOURTEENTH DEFENSE

Plaintiff's allegations and claims are or may be barred, in whole or in part, by her failure to exhaust the administrative remedies available to redress the damage and/or wrong claimed.

150591.1

## **FIFTEENTH DEFENSE**

Defendants hereby reserve the right to assert those defenses which may become known as a result of discovery and investigation of this matter.

WHEREFORE, defendants Edison Schools Inc. and Friendship Public Charter School Inc., having fully answered the Complaint, respectfully request that:

1. the Complaint be dismissed with prejudice;

2. defendants be awarded the costs incurred as a result of this lawsuit, including reasonable attorneys' fees;

3. defendants be awarded such further relief as this Court deems just and proper.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

_____
Laura N. Steel (DC Bar No. 367174)
1341 G Street, N.W., 5th Floor
Washington, D.C. 20005
(202) 626-7660
fax (202) 628-3606
Email laura.steel@wilsonelser.com

*Counsel for Defendants, Edison Schools Inc. and Friendship Public Charter School Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer of Defendants, Edison Schools Inc. and Friendship Public Charter School Inc. to Plaintiff's Complaint was served by electronic court filing this 18th day of January 2006, upon:

Johnnie D. Bond, Jr.
Donald M. Temple, PC
1229 15th Street, NW
Washington, DC 20005

_____
Laura N. Steel

150591.1